Brian J. Stibitz, AK Bar #0106043
Colleen J. Moore, AK Bar #8611126
REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, AK 99501
(907) 222-7100
*brian@reevesamodio.com*
*colleen@reevesamodio.com*
*Attorneys for Plaintiff Lance Kronberger*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LANCE KRONBERGER,<br><br>               Plaintiff<br><br>vs.<br><br>U.S. FISH AND WILDLIFE SERVICE, and the U.S. DEPARTMENT OF THE INTERIOR,<br><br>               Defendant | Case No.: 3:24-cv-00122_____ |

___

**COMPLAINT FOR JUDICIAL REVIEW OF AGENCY ACTION
and
DECLARATORY JUDGMENT**

**Administrative Procedure Act, 5 U.S.C. §§ 701–706
Freedom of Information Act 5 U.S.C. § 552**
___

## INTRODUCTION

1. Plaintiff Lance Kronberger ("Kronberger") brings this Complaint for Judicial Review of Agency Action and Declaratory Judgment against Defendants U.S. Fish and Wildlife Service ("FWS") and the United States Department of the Interior ("DOI"). Kronberger seeks an order declaring FWS's March 20, 2024, decision to award a special use permit ("permit") to Michael Zweng ("Zweng") for big game guide services within guide use area KOD-25 of the Kodiak National Wildlife Refuge ("Decision") unlawful and setting it aside. Kronberger also seeks an order declaring FWS's final response dated July 5, 2023, which denied Kronberger's Freedom of Information Act ("FOIA") request for certain documents (including Zweng's 2022 proposal for big game guide services for KOD-25, his score sheets generated by FWS during its review of proposals, and FWS scoring criteria for such proposals) ("FOIA Denial") unlawful and setting it aside, enjoining FWS from withholding such documents, and ordering FWS to provide such documents to Kronberger in their entireties.

2. The FOIA Denial is an arbitrary, capricious, unlawful withholding of information subject to disclosure under FOIA. Further, the documents withheld by the FOIA Denial are an integral part of the basis of the Decision, and withholding them violated Kronberger's right to due process because it precluded Kronberger's review of the documents and materials FWS considered in making the Decision.

3. The Decision itself, even without consideration of the withheld documentation, is arbitrary and capricious and unsupported by the facts, it fails to examine the important information and relevant factors and articulate a satisfactory explanation for its action, including a rational connection between the facts found and the choice made, and it awards the permit to the least experienced guide.

## JURISDICTION, VENUE, AND EXHAUSTION

4. This Court has jurisdiction and authority over this matter and the parties pursuant to 28 U.S.C. §§ 1331, 1346(a)(2), 2201, and 2202, 5 U.S.C. § 552(a)(4)(B), and 5 U.S.C. §§ 701–706.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 5 U.S.C. § 552(a)(4)(B) because a substantial part of the events giving rise to the claims occurred within the Kodiak National Wildlife Refuge and the regional offices of FWS in Alaska; and because Plaintiff, the agency records, and public lands affected are located in Alaska.

6. On November 11, 2022, the Kodiak National Wildlife Refuge manager issued an initial decision awarding the permit to Zweng, which Kronberger timely appealed to the FWS Alaska regional director pursuant to 50 CFR § 36.41(i)(1). The Decision is the regional director's decision on that appeal and is final agency action for which Plaintiff has a right to judicial review under the APA. 5 U.S.C. §§ 701–706; 50 CFR § 36.41(i)(4).

7. The FOIA Denial was the last administrative decision on Kronberger's FOIA request and, despite an appeal to DOI, Office of the Solicitor, FOIA Appeals Office on

August 16, 2023, and written requests for response dated September 18, 2023, and March 8, 2024, no final agency decision was issued and no requests for extension of time were made. *See* 5 U.S.C. § 552(a)(6)(A)(ii) (requiring response within 20 working days). Under 5 U.S.C. § 552(a)(6)(C), Kronberger has exhausted his administrative remedies with respect to his FOIA request, and this court has jurisdiction under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

8. Kronberger owns and operates Freelance Outdoor Adventures LLC, a guiding and outfitting business headquartered in Eagle River, Alaska. Kronberger is a registered master guide in Alaska, who timely submitted an application seeking to be awarded the exclusive permit to conduct big game guide services in guide use area KOD-25 in the Kodiak National Wildlife Refuge beginning January 1, 2024.

9. Defendant, FWS, is an agency of the United States government within DOI responsible for issuing permits for special uses, particularly big game guide services, within national wildlife refuges in Alaska.

10. Defendant, DOI, is an agency of the United States government responsible for oversight of FWS and for issuing final FOIA responses to appeals from FWS FOIA denials.

# LEGAL BACKGROUND

## Freedom of Information Act

11. United States agencies must make documents available to the public and must release all non-exempt segregable information that is requested as required by 5 U.S.C. § 552(a)(1)-(3), (b). If the agency denies a request for documents and that denial is appealed to the head of the agency, the agency must make a determination with respect to that appeal within twenty business days. 5 U.S.C. § 552(a)(6)(A)(ii). If the agency fails to comply with the applicable time periods of the regulation, the requestor will be deemed to have exhausted his administrative remedies with respect to his request. 5 U.S.C. § 552(a)(6)(C).

12. On complaint, the district court may enjoin the agency from withholding agency records and order the production of any agency records improperly withheld from the complainant. 5 U.S.C. § 552(a)(4)(B).

## Administrative Procedure Act

13. Courts review final agency actions for which no specific judicial review mechanism is prescribed by statute under the Administrative Procedure Act (APA). 5 U.S.C. §§ 702, 704.

14. Under the APA, courts compel agency action unlawfully withheld or unreasonably delayed, and shall hold unlawful and set aside agency actions, findings, and conclusions that are arbitrary, capricious, an abuse of discretion, or otherwise not in

accordance with the law, contrary to constitutional right, in excess of statutory authority, made without observance of procedure required by law, or unwarranted by the facts. 5 U.S.C. § 706(2).

15. While agency determinations are entitled to deference, an agency must articulate a satisfactory explanation for its conclusion, including a rational connection between the facts found and the choice made. *Motor Vehicles Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Ins. Co.,* 463 U.S. 29, 43 (1983).

### FWS statutory and regulatory authority

16. Hunting is authorized on Alaska national wildlife refuges under 50 C.F.R. §36.32. *See also* 16 U.S.C. §§ 460(k) et seq, 668dd, 668ee, and 3101 et seq. Commercial big game guide services on Alaska national wildlife refuges are permitted under 50 C.F.R. §36.41. Appeals of FWS decisions concerning permitting are governed by 50 C.F.R. §36.41(i).

### FACTS

17. On August 20, 2021 (updated January 5, 2022), FWS issued a Prospectus and Invitation for Proposals to Conduct Commercial Big Game Guide Services within Areas of the Kodiak National Wildlife Refuge ("Prospectus"). One of the areas solicited by the Prospectus was guide use area KOD-25 ("KOD-25").

18. In response to the Prospectus, in April 2022, Kronberger and Zweng, among others, timely submitted proposals to provide guide services in KOD-25.

19. Three proposals, Kronberger's, Zweng's, and one from John Rydeen, were recommended by a secret scoring panel to the Kodiak National Wildlife Refuge Manager, Michael Brady ("Brady"), as the best qualified applicants. The secret scoring panel was comprised of unknown FWS employees, who used a secret FWS document that provided scoring factors and guidance for each of the criteria to be considered in awarding the permit ("Scoring Guidance Document") to score the proposals.

20. Brady made the decision to award the permit to Zweng, and set forth his justification in a memorandum dated October 22, 2022 and a letter to Kronberger dated November 11, 2022 (collectively "Brady Decision"). *See* **Exhibit A.**

21. Brady chose to award the permit to Zweng, despite Kronberger having significantly more experience and a superior proposal overall. The Brady Decision was contrary to law, was unsupported by substantial evidence in the record, and was arbitrary and capricious. The Brady Decision failed to adequately consider all the pertinent facts, incorrectly stated facts, inappropriately considered information outside the criteria and Prospectus, failed to address and apply each of the required criteria, incorrectly applied the Prospectus criteria, failed to recognize scoring errors, triple penalized Kronberger for alleged violations, and alleged that Kronberger had violations that he did not have, among other errors.

22. The secret scoring panel made errors in scoring Kronberger's proposal that are readily apparent from Kronberger's score sheets that the unknown panel members'

comments. On information and belief, additional serious scoring errors were made with respect to both Kronberger's and Zweng's proposals, but which cannot be set forth here because Kronberger was denied access to Zweng's proposal, Zweng's score sheets, and the Scoring Guidance Document. These scoring errors affected the Brady Decision.

23. On December 20, 2022, Kronberger filed a timely notice of appeal from the Brady Decision to Sara Boario ("Boario"), the FWS Alaska regional director.

24. Prior thereto, on December 13, 2022, Kronberger sent a FOIA request, seeking, among other things, Zweng's KOD-25 proposal, his score sheets, and FWS's Scoring Guidance Document.

25. On July 5, 2023, well past the statutory deadline of 20 days under 5 U.S.C. § 552(a)(6)(A)(i), FWS sent a letter refusing to disclose Zweng's proposal, Zweng's score sheets, and FWS's Scoring Guidance Document (413 pages) ("FOIA Denial"). *See* **Exhibit B**. The FOIA Denial was arbitrary and capricious and without legal basis.

26. The Prospectus provides: The instructions for all applicants submitting a proposal for the KOD-25 permit states: "All proposals submitted in response to this prospectus will be disclosed by the Department of the Interior to any person upon request pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (FOIA). . . . [I]f the applicant chooses to include commercial or financial information in the application which the applicant believes to be exempt from disclosure under FOIA, the cover page of each copy

of the proposal shall include an attachment" that identifies the pages the applicant believes may be exempt from disclosure under FOIA." Prospectus, p. 34.

27. On information and belief, Zweng did not include a cover page on his proposal that identified any pages within his proposal that he believed were exempt from disclosure under FOIA.

28. FWS's only stated reason for withholding Zweng's proposal was that he requested it be withheld. On information and belief, Zweng did not request that his proposal be withheld until after Kronberger requested a copy through FOIA.

29. FWS failed to independently analyze whether or state its basis for determining that all or any portion of Zweng's proposal was confidential commercial or financial information exempt from FOIA disclosure, and failed to disclose any non-confidential portions of Zweng's proposal.

30. FWS arbitrarily and capriciously and without legal basis withheld Zweng's proposal in its entirety under Exemption 4 (5 U.S.C. § 552(b)(4) – commercial or financial information obtained from a person that is confidential).

31. Zweng's score sheets are documents produced by the secret FWS panel that scores each proposal FWS receives in response to the Prospectus; the score sheets are not documents or information FWS obtained from Zweng.

32. FWS arbitrarily and capriciously and without legal basis withheld Zweng's score sheets under Exemption 4 (5 U.S.C. § 552(b)(4) – commercial or financial information obtained from a person that is confidential).

33. The Scoring Guidance Document is, on information and belief, a FWS document used by the secret scoring panel to review and score each proposal received in response to the Prospectus. If a proposal does not meet minimum scoring criteria, it is not processed further.

34. On information and belief, the Scoring Guidance Document sets forth objective scoring criteria for proposals that each scorer is required to follow.

35. The scores generated for each proposal using the Scoring Guidance Document are one factor that the refuge manager must consider when deciding which applicant will receive a permit.

36. On information and belief, the Scoring Guidance Document was not created as part of this particular permitting decision. Rather, it is an agency document that has guided FWS's scoring of competitive permit proposals for many years and which is periodically updated and revised. The Scoring Guidance Document is used to score all or most applications for special use permits for big game commercial guide services in national wildlife refuges in Alaska.

37. On information and belief, the Scoring Guidance Document does not reveal any thought processes or opinions of FWS on any particular permit decision, it does not

reveal a proposed policy that has not been implemented already, and it would not confuse any issues or mislead anyone about the actual basis of the permit decision at issue.

38. FWS arbitrarily and capriciously and without basis in law withheld the Scoring Guidance Document under Exemption 5 (5 U.S.C. § 552(b)(5) – deliberative process privilege).

39. Zweng's proposal and score sheets and the FWS's Scoring Guidance Document were all considered by Brady in making his decision to award the permit to Zweng, and they were further considered by Boario in making the final Decision. Neither the Brady Decision nor the final Decision can be reviewed or challenged without review of these documents. The availability of these documents is essential to a fair and just application and appeal process, and their unavailability violates administrative law procedures and Kronberger's constitutional right to due process.

40. On August 16, 2023, Kronberger filed a timely appeal from the FOIA denial to the DOI, Office of the Solicitor, FOIA Appeals Office.

41. By letters dated September 18, 2023 and March 8, 2024, Kronberger notified the DOI, Office of the Solicitor, FOIA Appeals Office of its failure to comply with the mandatory 20 day deadline for responding, and requested an immediate decision. No response or final decision has been made to date, nine months later.

42. On August 18, 2023, Kronberger submitted a timely supplement to his appeal of the Brady Decision to FWS regional director Boario.

43. On September 29, 2023, without legal authorization or notice to Kronberger, Brady issued a one-year commercial activities special use permit that temporarily allowed Zweng to conduct commercial big game guiding and outfitting services on federal lands within KOD-25, which decision Kronberger appealed in Case No. 3-24-cv-00036-SLG. That case was voluntarily dismissed without prejudice after FWS issued its final Decision.

44. On March 20, 2024, FWS, through Boario, issued its final Decision affirming the Brady Decision, which awarded the KOD-25 permit to Zweng. *See* **Exhibit C.**

45. The Decision is contrary to law, is unsupported by substantial evidence in the record, and is arbitrary and capricious. The Decision failed to adequately consider all the pertinent facts, incorrectly stated facts, inappropriately considered information outside the criteria and Prospectus, failed to address and apply each of the required criteria, incorrectly applied the Prospectus criteria, failed to address scoring errors, triple penalized Kronberger for alleged violations, and alleged that Kronberger had violations that he did not have, among other errors.

## CLAIMS FOR RELIEF

### Count I – Permit Decision

46. Kronberger sets forth the allegations contained in paragraphs 1 through 45 above as though fully set forth herein.

47. The Decision is arbitrary, capricious, or otherwise not in accordance with law.

48. The Decision is contrary to Kronberger's due process rights.

49. The Decision is without observance of procedure required by law.

50. The Decision is unsupported by substantial evidence in the record.

51. The Decision is unwarranted by the facts.

52. Kronberger is entitled to have the Decision held unlawful and set aside and to have the permit awarded to him.

## Count 2 – FOIA Request

53. Kronberger sets forth the allegations contained in paragraphs 1 through 45 above as though fully set forth herein.

54. The FOIA Denial is arbitrary, capricious, or otherwise not in accordance with law.

55. The FOIA Denial is contrary to Kronberger's due process rights.

56. The FOIA Denial is unsupported by substantial evidence in the record.

57. The FOIA Denial is unwarranted by the facts.

58. Kronberger is entitled to have the FOIA Denial held unlawful and set aside and an order issued enjoining FWS from withholding Zweng's proposal and score sheets and the Scoring Guidance document and ordering those documents to be provided to Kronberger.

## Request for Relief

Plaintiff respectfully request that this Court grant the following relief:

(1) Declare that the March 20, 2024 Decision is arbitrary, capricious, an abuse of discretion or not in accordance with law, that it violates Plaintiff's due process rights, that it is unsupported by substantial evidence in the record, and is unwarranted by the facts;

(2) Set aside the March 20, 2024 Decision and remand this matter to FWS to award the permit to Plaintiff;

(3) Declare that FWS's failure to produce Zweng's proposal and score sheets and the Scoring Guidance Document violates the Freedom of Information Act;

(4) Enter an order enjoining FWS from continuing to withhold Zweng's proposal and score sheets and the Scoring Guidance Document and ordering such documents to be provided to Plaintiff immediately;

(5) Enter an order granting Plaintiff his costs and attorneys' fees under FOIA, 5 U.S.C. § 552(a)(4)(E) and/or the Equal Access to Justice Act, 28 U.S.C. § 2412; and

(6) Grant such other relief as this Court deems appropriate.

Respectfully submitted,

Date: June 7, 2024.

                REEVES AMODIO, LLC

           By: /s/ Brian J. Stibitz
                Brian J. Stibitz, AK Bar #0106043
                Colleen J. Moore, AK Bar #8611126
                500 L Street, Suite 300
                Anchorage, Alaska 99501
                T: 907-222-7100
                Email: *brian@reevesamodio.com*
                        *colleen@reevesamodio.com*

                *Attorneys for Plaintiff Lance Kronberger*