S. LANE TUCKER
United States Attorney

JOSHUA A. TRAINI
DUSTIN M. GLAZIER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
Email: Josh.Traini@usdoj.gov
Email: Dustin.Glazier@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LANCE KRONBERGER,<br><br>              Plaintiff,<br><br>vs.<br><br>U.S. FISH AND WILDLIFE SERVICE, and the U.S. DEPARTMENT OF THE INTERIOR,<br><br>              Defendants. | Case No. 3:24-cv-00122-SLG |

**ANSWER TO THE COMPLAINT**

Defendants U.S. Fish and Wildlife Service and the United States Department of the Interior (or "Defendants"), by and through undersigned counsel, respectfully submit the following Answer to Plaintiff Lance Kronberger's Complaint, (Dkt. 1), in this Freedom of

Information Act ("FOIA") case. Defendants respond to the separately numbered paragraphs and prayer for relief contained in the Complaint below. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendants reserve the right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of the litigation.

## INTRODUCTION

1. The allegations in Paragraph 1 consist of Plaintiff's characterization of his action, to which no response is required. To the extent a response is required, Defendants deny the allegations.

2. The allegations in Paragraph 2 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations.

3. The allegations in Paragraph 3 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations.

## JURISDICTION, VENUE, and EXHAUSTION

4. The allegations in Paragraph 4 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations.

5. The allegations in Paragraph 5 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations.

6. Defendants admit that the Kodiak National Wildlife Refuge manager (hereinafter, "Refuge Manager Brady") issued an initial decision awarding the KOD-25 permit to Mr. Zweng, and that Mr. Kronberger timely appealed to the FWS Alaska regional director (hereinafter, "Regional Director Boario"). Defendants aver that Refuge Manager Brady made his initial decision on October 22, 2022. Defendants admit the allegations in the second sentence of Paragraph 6.

7. Defendants admit the allegations in the first sentence in Paragraph 7. The allegations in the second sentence in Paragraph 7 constitute conclusions of law, to which no response is required; to the extent a response is required, Defendants deny the allegations.

## PARTIES

8. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 8.

9. Defendants admit the allegations in Paragraph 9.

10. Defendants admit the allegations in Paragraph 10.

## LEGAL BACKGROUND

## Freedom of Information Act

11. The allegations in Paragraph 11 purport to characterize the Freedom of Information Act (FOIA), which speaks for itself and is the best evidence of its own contents. The allegations constitute conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations.

12. The allegations in Paragraph 12 purport to characterize the FOIA, which speaks for itself and is the best evidence of its own contents. The allegations constitute conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Administrative Procedure Act

13. The allegations in Paragraph 13 purport to characterize the Administrative Procedure Act (APA), which speaks for itself and is the best evidence of its own contents. The allegations constitute conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations.

14. The allegations in Paragraph 14 purport to characterize the APA, which speaks for itself and is the best evidence of its own contents. The allegations constitute conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations.

15. The allegations in Paragraph 13 purport to characterize *Motor Vehicles Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Ins. Co.*, 463 U.S. 29, 43 (1983), which speaks for itself and is the best evidence of its own contents. The allegations constitute conclusions

of law, to which no response is required. To the extent a response is required, Defendants deny the allegations.

### FWS statutory and regulatory authority

16. Defendants admit the allegations in Paragraph 16.

## FACTS

17. Defendants admit the allegations in Paragraph 17.

18. Defendants admit the allegations in Paragraph 18.

19. The terms "secret" and "unknown" as used in Paragraph 19 are vague and ambiguous and Defendants cannot attribute knowledge to them, and on that basis deny the allegation. Defendants admit the remaining allegations in Paragraph 19.

20. Defendants admit the allegations in Paragraph 20.

21. The terms "significantly more experience" and "superior proposal overall" as used in the first sentence of Paragraph 21 are vague and ambiguous and Defendants cannot attribute knowledge to them, and on that basis deny the allegation. Defendants admit that Refuge Manager Brady chose to award the KOD-25 permit to Mr. Zweng. Defendants deny the remaining allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

23. Defendants admit the allegations in Paragraph 23.

24. Defendants admit the allegations in Paragraph 24.

25. The term "well past" as used in the first sentence in Paragraph 25 is vague and ambiguous and Defendants cannot attribute knowledge to it, and on that basis deny the

allegation. Defendants aver that on July 5, 2023, FWS sent a letter concerning the withholding of Mr. Zweng's application, the panel score sheets concerning Mr. Zweng's application, and the Scoring Guidance Document from its FOIA response. The allegations in the second sentence in Paragraph 25 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations.

26. The allegations in Paragraph 26 purport to characterize the Prospectus, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

27. The allegations in the first sentence of Paragraph 27 essentially request that Defendants speak to the contents of a document withheld under an applicable FOIA exemption. The disclosure of Mr. Zweng's application is at subject in this litigation and for the Court to determine the proper legal scope of any applicable FOIA exemptions. Accordingly, Defendants neither admit nor deny the averments and enter a denial.

28. Defendants deny the allegations in the first sentence of Paragraph 28. The allegations in the second sentence of Paragraph 28 essentially request that Defendants speak to the contents of a document withheld under an applicable FOIA exemption. The disclosure of Mr. Zweng's application is at subject in this litigation and for the Court to determine the proper legal scope of any applicable FOIA exemptions.

29. Defendants deny the allegations in Paragraph 29.

30. The allegations in Paragraph 30 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations.

31. The term "secret" as used in Paragraph 31 is vague and ambiguous and Defendants cannot attribute knowledge to it, and on that basis deny the allegation. Defendants aver that the score sheets associated with Mr. Zweng's application were produced by an FWS panel that scored each application FWS received in response to the Prospectus, and that the score sheets were not obtained from Mr. Zweng.

32. The allegations in Paragraph 32 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations.

33. The term "secret" as used in Paragraph 33 is vague and ambiguous and Defendants cannot attribute knowledge to it, and on that basis deny the allegation. Defendants aver that the Scoring Guidance Document was used by the scoring panel when reviewing and scoring each application submitted in response to the Prospectus. Defendants admit that applicants were required to attain the minimum scores indicated by the Prospectus for each listed criteria to be eligible for consideration by the refuge manager.

34. The allegations in Paragraph 34 purport to characterize the Scoring Guidance Document, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations inconsistent with its plain language, context, or meaning.

35. Defendants admit that the Prospectus required the refuge manager to base his/her final selection on the results of the ranking panel evaluations and other listed sources of information.

36. Defendants admit that the Scoring Guidance Document was not created specifically for review of applications for the KOD-25 permit. The term "many years" as

used in the second sentence in Paragraph 36 is vague and ambiguous and Defendants cannot attribute knowledge to it, and on that basis deny the allegation. Defendants aver that different Scoring Panel Guidance documents have been utilized in various permit application review processes. The third sentence in Paragraph 36 is vague and ambiguous as to the intended timeframe and scope of the referenced permitting processes and Defendants cannot attribute knowledge to it, and on that basis deny the allegation.

37. The allegations in Paragraph 37 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations.

38. The allegations in Paragraph 38 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants admit the allegations in Paragraph 40.

41. The allegations in the first sentence in Paragraph 41 purport to characterize letters, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations inconsistent with their plain language, context, or meaning. Defendants admit the allegations in the second sentence in Paragraph 41.

42. Defendants admit the allegations in Paragraph 42.

43. Defendants deny the allegations in the first sentence of Paragraph 43. Defendants aver that on September 29, 2023, Refuge Manager Brady issued a conditional, one-year special use permit that temporarily allowed Mr. Zweng to conduct big game guiding and outfitting services on federal lands within KOD-25, which decision Mr.

Kronberger and John Rydeen jointly challenged in Case No. 3-24-cv-00036-SLG. Defendants admit the allegations in the second sentence in Paragraph 43.

44. Defendants admit that on March 20, 2023, Regional Director Boario issued a decision concerning Mr. Kronberger's appeal, and that this decision affirmed Refuge Manager Brady's decision to award the KOD-25 permit to Mr. Zweng.

45. The allegations in the first sentence in Paragraph 45 constitute conclusions of law, to which no response is required and are accordingly denied. Defendants deny the remaining allegations in Paragraph 45.

## CLAIMS FOR RELIEF

### Count I – Permit Decision

46. Defendants incorporate by reference their responses to all the allegations in the preceding paragraphs as set forth above.

47. The allegations in Paragraph 47 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

### Count 2 – FOIA Request

*Lance Kronberger v. U.S. Fish and Wildlife Service, et al.*     Page 9 of 13
Case No. 3:24-cv-00122-SLG

Case 3:24-cv-00122-SLG     Document 11     Filed 09/09/24     Page 9 of 13

53. Defendants incorporate by reference their responses to all the allegations in the preceding paragraphs as set forth above.

54. The allegations in Paragraph 54 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations.

55. Defendants deny the allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

The remainder of the Complaint constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought or to any form of relief.

## **AFFIRMATIVE AND OTHER DEFENSES**

1. Some or all of Plaintiff's causes of action fail to state a claim upon which relief can be granted.

2. Plaintiff has failed to exhaust administrative remedies.

3. Some or all of Plaintiff's causes of actions may be barred by waiver.

4. Defendant asserts that it has, or may have, additional affirmative defenses that are not known to the Defendant at this time, but which may be ascertained through discovery or otherwise.

### First Defense

The information requested in Plaintiff's FOIA requests may be exempt in whole or in part under FOIA, see 5 U.S.C. § 552(b), or one or more other statutory exemptions.

### Second Defense

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized by statute under FOIA, 5 U.S.C. § 552.

### Third Defense

Plaintiff is neither eligible for nor entitled to attorney's fees and costs.

### Fourth Defense

Defendants are not improperly withholding any responsive records.

### Fifth Defense

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11

(E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

WHEREFORE, Defendant United States prays for relief as follows:

1. For dismissal of Plaintiff's Complaint against Defendant United States with prejudice;

2. For entry of judgment in favor of Defendant United States;

3. That Plaintiff takes nothing from this action against Defendant United States;

4. That Defendant United States be awarded costs and fees for defending this action; and

5. For all other relief that the Court may deem just and proper.

RESPECTFULLY SUBMITTED this September 9, 2024, in Anchorage, Alaska.

S. LANE TUCKER
United States Attorney


/s/ Joshua A. Traini
Assistant U.S. Attorney
United States of America


/s/ Dustin Glazier
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2024,
a true and correct copy of the foregoing
was served electronically on the following:

Brian J. Stibitz, AK Bar #0106043
Colleen J. Moore, AK Bar #8611126
REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, AK 99501
(907) 222-7100
*brian@reevesamodio.com*
*colleen@reevesamodio.com*
*Attorneys for Plaintiff Lance Kronberger*

/s/ Joshua A. Traini
Office of the U.S. Attorney