MICHAEL J. HEYMAN
United States Attorney

JOSHUA A. TRAINI
DUSTIN M. GLAZIER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
Email:  Josh.Traini@usdoj.gov
Email:  Dustin.Glazier@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LANCE KRONBERGER,<br><br>          Plaintiff,<br><br>     vs.<br><br>U.S. FISH AND WILDLIFE SERVICE, et al.,<br><br>          Defendants. | Case No.  3:24-cv-00122-SLG<br><br>LEAD CASE |
| JOHN RYDEEN,<br><br>          Plaintiff,<br><br>     vs.<br><br>U.S. FISH AND WILDLIFE SERVICE, et al.,<br><br>          Defendants. | Case No.  3:24-cv-00123-SLG |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' OPENING BRIEF IN PART**

Rydeen filed an opposition to the Government's Motion to Strike at Dkt. 51. Kronberger opposed at Dkt. 53. The Government hereby replies.

Plaintiffs rely upon the Ninth Circuit's decision in *Lands Council* for the authority to supplement the administrative record. Dkt. 51 at 5; Dkt. 53 at 4-5.; *Lands Council v. Powell*, 395 F.3d 1019 (9th Cir. 2005). In limited circumstances, district courts may permit extra-record evidence if: (1) it is necessary to determine whether the agency has considered all relevant factors and explained its decision; (2) the agency has relied on documents not included in the record; (3) when supplementation is needed to explain technical terms or complex subject matter; (4) when plaintiffs make a showing of bad faith. *Id*. at 1030. The exceptions are narrowly construed and applied. *Id*. Plaintiffs' reliance upon *Lands Council* is misplaced.

**I.      PLAINTIFFS' ATTEMPTS TO SUPPLEMENT THE ADMINISTRATIVE RECORD ARE UNTIMELY**

*Lands Council* concerned an appeal from the District of Idaho. *Id*. While it is unclear what the local rules required at the time, it is notable that at present, the United States District Court for the District of Idaho has no local rule governing the procedure of moving to supplement the administrative record in an administrative agency appeal. *See* Dist. Idaho L. Civ. Rules (available at https://www.id.uscourts.gov/content_fetcher/print_pdf_packet.cfml?Court_Unit=District &Content_Type=Rule&Content_Sub_Type=Civil) (last accessed June 11, 2025); *cf*.

*Lance Kronberger v. U.S. Fish and Wildlife Service, et al.*          Page 2 of 7
Case No. 3:24-cv-00122-SLG

Local Civil Rule 16.3 ("Administrative Agency Appeals"). Plaintiffs' have not still formally moved to supplement the administrative record with the "appendixes" attached to their opening briefs. *See* Dkt. 48. Any attempt to supplement the administrative record at this point, is well-beyond untimely. Local Civil Rule 16.3(b)(2). The Court should, therefore, reject Plaintiffs' untimely efforts to supplement the administrative record based upon their untimeliness alone, but the Government still addresses the merits *infra*.

II.     **THE APPENDIXES HAVE NO MERIT FOR INCLUSION IN THE ADMINISTRATIVE RECORD**

    A.     *2015 ARC-06 decision (Dkt. 34-2 (Rydeen Appendix 1); 36-2 (Kronberger Appendix B)).*

Rydeen argues the ARC-06 decision is relevant because it helps explain technical information and provides clarification of the subject matter involved and shows bad faith by the agency. Dkt. 51 at 12-13. For his part, Kronberger makes no attempt to tether its inclusion to any of the exceptions enumerated in *Lands Council*. Dkt. 53 at 5-6. First, there is nothing highly complex about "spike camps" or "base camps" and when reviewing the administrative record, it will be evident to the Court. The attempts to claim ARC-06 is instructive is simply a thinly veiled attempt to insert the decision into this administrative record—which concerns a different prospectus, with different criteria. Notably, Rydeen does not discuss how any information or subject matter is clarified. Moreover, the facts of this case are highly distinguishable as the applicant in ARC-06 placed his base camp in a location the prospectus specifically prohibited. Dkt 34-1 at 7. He offered to cure that defect, if necessary, by later negotiating the location of his base camp. *Id*. While he was selected

*Lance Kronberger v. U.S. Fish and Wildlife Service, et al.*     Page 3 of 7
Case No. 3:24-cv-00122-SLG

by the refuge manager, on appeal, the regional director determined it was inappropriate to allow non-compliant portions of a proposal to be negotiated and amended after all the applications had been evaluated. *Id.* at 10. In contrast, Zweng who proposed spike camps and not a base camp, submitted a complaint proposal that could be fairly evaluated during the selection process. Further, there is not a scintilla of bad faith, let alone enough that would allow the Plaintiff's to meet the high burden established by *Lands Council*.

B.    *Zweng's Website (Dkt. 34-2 (Rydeen Appendix 2)).*

Rydeen argues selected portions of Zweng's website should be included in the administrative record because it shows bad faith by the agency. Dkt. 51 at 16. It is an extraordinary leap to say that puffery on an applicant's website somehow demonstrates bad faith by the agency and Rydeen's attempt to include select portions of Zweng's website cannot rise to the high and narrow burden of demonstrating bad faith by the agency—the U.S. Fish and Wildlife Service ("FWS").

C.    *September 29, 2023 email (Dkt. 34-3 (Rydeen Appendix 3); Dkt. 36-1 (Kronberger Appendix A)).*

First, Both Rydeen and Kronberger freely admit this email was directly at contention in the parties' negotiation concerning their timely motion to supplement the administrative record. *See* Dkt. 44 at 6; *see also* Dkt. 31; Dkt. 53. In an effort to justify its inclusion, they claim there was not an agreement that they would not simply include the document in their brief anyhow. *See* Dkt. 53. Such a strained effort to part hairs is without basis, as Kronberger's counsel suggested to the Government, "…I presume you will not have any objection to the relevant FOIA documents being attached as exhibits to the briefing." Dkt

*Lance Kronberger v. U.S. Fish and Wildlife Service, et al.*                     Page 4 of 7
Case No. 3:24-cv-00122-SLG

44-1 at 4. The Government conveyed it would object to anything outside of the administrative record. *Id*. at 2. Then the parties proceeded with finalizing an agreement. *See* Dkt. 31.

Second, as to the merits of the plaintiffs' arguments concerning bad faith, the email correctly describes the process at play and thus, is not evidence of bad faith by the agency. 50 C.F.R. 36.41(i)(4); AR 1780; AR 1783.

Third, the idea that because the document remains in the Rydeen administrative record it can be relied upon fails because it runs afoul of the order consolidating cases at Dkt. 17. ("IT IS FURTHER ORDERED that the U.S. Fish and Wildlife Service shall file a consolidated administrative record before December 4, 2024."). The filing of a consolidated administrative record renders the previously filed *Rydeen* administrative record null and void.

      D.     *K-1 Entity Form (Dkt. 34-4 (Rydeen Appendix 4)).*

Rydeen claims this form is needed to provide context to the ownership of Freelance Outdoor Adventures. Rydeen argues violation and safety history concerning Kronberger was improperly being "imputed" to him. Dkt. 34 at 37-39. Rydeen fails to mention he disclosed no violation history and while the Regional Director found reason to take issue with that, she noted "…it was unnecessary for me to consider Mr. Rydeen's role in these violations or his failure to disclose a pertinent administrative penalty. As such, these issues did not contribute to my decision concerning Mr. Rydeen's appeal." AR 2006-2007. Notably, Rydeen does not dispute the Regional Director's factual recitation, indicating he

has a 1% ownership interest in Freelance Outdoor Adventures. Dkt. 51 at 22-23; *cf.* AR 2006. Thus, Rydeen's claim that that the K-1 form [Dkt. 34-4] provides context therefore fails. In any event, the K-1 form is irrelevant, since the Regional Director did not consider his ownership interest and potential violation and safety history in rendering her decision.

> E.    *KOD-18 Decision (Dkt. 34-5 (Rydeen Appendix 5); Dkt. 36-3 (Kronberger Appendix C)).*

In his response, Rydeen does not even attempt to offer one of the limited and narrow exemptions for the inclusion of the KOD-18 decision in the administrative record. *Cf.* Dkt. 51 at 24. Instead, he argues why it supports his greater theories. *Id.* Kronberger does the same. Dkt. 53 at 3. The failure to tie the KOD-18 decision to any of the narrow exemptions enumerated in *Lands Council* speaks volumes. As plaintiffs cannot proffer any reason for its inclusion, let alone meet their burden, it should not be included in the administrative record.

## CONCLUSION

Based upon the foregoing, the Court should strike the "appendixes" offered by Rydeen and Kronberger.

//          //

//          //

//          //

*Lance Kronberger v. U.S. Fish and Wildlife Service, et al.*          Page 6 of 7
Case No. 3:24-cv-00122-SLG

Case 3:24-cv-00122-SLG    Document 54    Filed 06/17/25    Page 6 of 7

RESPECTFULLY SUBMITTED this June 17, 2025, in Anchorage, Alaska.

MICHAEL J. HEYMAN
United States Attorney


/s/ Joshua A. Traini
Assistant U.S. Attorney
United States of America


/s/ Dustin Glazier
Assistant U.S. Attorney
United States of America


**CERTIFICATE OF SERVICE**
I hereby certify that on June 17, 2025,
a true and correct copy of the foregoing
was served electronically on the following:

Brian J. Stibitz, AK Bar #0106043
Colleen J. Moore, AK Bar #8611126
REEVES AMODIO LLC
500 L Street, Suite 300
Anchorage, AK 99501
(907) 222-7100
*brian@reevesamodio.com*
*colleen@reevesamodio.com*
*Attorneys for Plaintiff Lance Kronberger*

Shane E. Romero, LA Bar #26108
110 East Pershing Street
New Iberia, LA 70560
Email: seromero@shaneromero.com
*Attorney for Plaintiff John Rydeen*


/s/ Joshua A. Traini
Office of the U.S. Attorney


*Lance Kronberger v. U.S. Fish and Wildlife Service, et al.*          Page 7 of 7
Case No. 3:24-cv-00122-SLG