# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LANCE KRONBERGER,<br><br>        Plaintiff,<br><br>    v.<br><br>U.S. FISH AND WILDLIFE SERVICE, *et al.*,<br><br>        Defendants. | Case No. 3:24-cv-00122-SLG<br><br>LEAD CASE |
| JOHN RYDEEN,<br><br>        Plaintiff,<br><br>    v.<br><br>U.S. FISH AND WILDLIFE SERVICE, *et al.*,<br><br>        Defendants. | Case No. 3:24-cv-00123-SLG<br><br>CONSOLIDATED |

## ORDER ON MOTION TO STRIKE AND MOTION FOR JUDICIAL NOTICE

Before the Court are two pending motions. First, at Docket 40 is U.S. Fish and Wildlife Service ("FWS") and U.S. Department of the Interior's ("DOI") (collectively, "Defendants") Motion to Strike Plaintiffs' Opening Brief in Part. Plaintiff John Rydeen responded in opposition to the motion at Docket 51, and Plaintiff Lance Kronberger responded in opposition to the motion at Docket 53. Defendants replied at Docket 54. Second, at Docket 50 is Plaintiff Rydeen's Motion for Judicial Notice. Defendants responded in opposition to the motion at

Docket 55, to which Plaintiffs Kronberger and Rydeen replied jointly at Docket 56. Oral argument was not requested on either motion and was not necessary to the Court's determinations.

## BACKGROUND

This case concerns an FWS-issued special use permit to guide commercial big game hunting in the KOD-25 guide use area within the Kodiak National Wildlife Refuge ("KNWR").[1] On August 20, 2021, FWS issued a Prospectus and Invitation for Proposals to Conduct Commercial Big Game Guide Services within Areas of the KNWR,[2] which included guide use area KOD-25.[3] An FWS evaluation panel recommended Michael Zweng, Mr. Kronberger, and Mr. Rydeen as the "Best Qualified" applicants for the KOD-25 permit, giving each candidate a score— scoring Mr. Zweng at 336.67, Mr. Kronberger at 322.67, and Mr. Rydeen at 315.00—at which point the decision was referred to KNWR Manager Michael Brady.[4] KNWR Manager Brady awarded the permit to Mr. Zweng (the "Brady Decision"), setting forth his justification in a memorandum dated October 22, 2022,[5] and notifying Mr. Rydeen and Mr. Kronberger of his decision on November

---

[1] Docket 1 at ¶ 1.

[2] Admin. R. 000117-184.

[3] Admin. R. 000145.

[4] Admin. R. 001243. Note that there is a discrepancy in the record with respect to whether there were three or four applicants for KOD-25. *Compare* Admin. R. 001243, *with* Admin. R. 001982.

[5] Admin. R. 001261-62.

Case No. 3:24-cv-00122-SLG, *Kronberger v. U.S. Fish & Wildlife Serv., et al.*
(Lead Case) (Consolidated)
Order on Motion to Strike and Motion for Judicial Notice
Page 2 of 13

11, 2022.[6]  In December 2022, Plaintiffs each filed notices of their intent to appeal this decision to FWS Alaska Regional Director, Sara Boario.[7]

In August 2023, Plaintiffs each submitted supplements to their appeals of the Brady Decision to Regional Director Boario.[8]  On September 29, 2023, FWS issued a one-year commercial activities special use permit temporarily allowing Mr. Zweng to conduct commercial big game guiding and outfitting services within KOD-25.[9]  Mr. Kronberger and Mr. Rydeen filed a lawsuit in this Court challenging the decision to issue this temporary permit.[10]  Regional Director Boario sent her Statement of Findings affirming the Brady Decision to Mr. Kronberger and Mr. Rydeen on March 20 and April 12, 2024, respectively (the "Final Decision").[11]  Mr. Kronberger and Mr. Rydeen then voluntarily dismissed the lawsuit regarding the temporary permit after the issuance of this Final Decision.[12]

This lawsuit and the consolidated case were both initiated on June 7, 2024; Mr. Kronberger filed a complaint in the lead case, and Mr. Rydeen filed a complaint

---

[6] Admin. R. 001263-64, 1267-68.

[7] Admin. R. 001327-28.

[8] Admin. R. 001520-1593, 1595-1683.

[9] Admin. R. 001759-65.

[10] *Kronberger v. Brady*, Case No. 3-24-cv-00036-SLG (dismissed May 6, 2024).

[11] Admin. R. 001982-92, 2001-10.

[12] Docket 16 (Case No. 3-24-cv-00036-SLG) (dismissed May 6, 2024).

Case No. 3:24-cv-00122-SLG, *Kronberger v. U.S. Fish & Wildlife Serv., et al.*
(Lead Case) (Consolidated)
Order on Motion to Strike and Motion for Judicial Notice
Page 3 of 13

in the consolidated case.[13]  Each complaint seeks a declaration that FWS's Final Decision was "arbitrary, capricious, an abuse of discretion or not in accordance with law, that it violates Plaintiff's due process rights, that it is unsupported by substantial evidence in the record, and is unwarranted by the facts" pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* ("APA"); an order vacating the Final Decision and remanding the matter to FWS to award the permit to Plaintiff; a declaration that FWS's failure to produce Mr. Zweng's proposal, Mr. Zweng's score sheets, and FWS's scoring guidance document violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; an order to FWS to provide the withheld documents to Plaintiff; and an order granting Plaintiff his costs and attorney's fees pursuant to FOIA and the Equal Access to Justice Act, 28 U.S.C. § 2412.[14]

On October 11, 2024, before the cases were consolidated, the Government lodged the administrative record in the Rydeen case.[15]  Mr. Rydeen subsequently filed a Motion to Supplement Administrative Record and for Limited Discovery in that case.[16]  On November 25, 2024, the Court consolidated the two cases,

---

[13] Docket 1; Docket 1 (Case No. 3:24-cv-00123-SLG) (Compl.).

[14] Docket 1 at 5, 14; Docket 1 at 4, 26 (Case No. 3:24-cv-00123-SLG) (Compl.).  On July 17, 2025, the parties filed a Joint Stipulation for Dismissal Re FOIA Claims.  Docket 58.  The Court granted the parties' motion and dismissed the FOIA claims from this case.  Docket 59.

[15] Docket 22 (Case No. 3:24-cv-00123-SLG) (Defs.' Notice of Lodging the Admin. R.).

[16] Docket 28 (Case No. 3:24-cv-00123-SLG) (Pl.'s Mot. To Suppl. Admin. R.); *see also* Docket 20.

Case No. 3:24-cv-00122-SLG, *Kronberger v. U.S. Fish & Wildlife Serv., et al.*
(Lead Case) (Consolidated)
Order on Motion to Strike and Motion for Judicial Notice
Page 4 of 13

Case 3:24-cv-00122-SLG    Document 60    Filed 07/24/25    Page 4 of 13

directed all future filings to be made in the lead case, and ordered the Government to file a consolidated administrative record.[17]   On December 3, 2024, the Government lodged the consolidated administrative record.[18]   Contemporaneous with the filing of the administrative record, the Government emailed a FOIA production to Plaintiffs that consisted of 370 pages.[19]

On December 17, 2024, the Court ordered Mr. Rydeen to file a supplement to his motion to supplement the administrative record "that identifies what, if any, issues remain outstanding with respect to the administrative record."[20]  Mr. Rydeen complied with that request the following day, filing a Supplemental Motion to Supplement Administrative Record.[21]   In that motion, Mr. Rydeen identified nine groupings of documents that he deemed missing from the consolidated administrative record, including the 370 pages of recently produced FOIA documents, "records concerning Michael Zweng's modification of his KOD-25 application prior to Regional Director Boario's [Final Decision]," "[u]nknown information relied on by Regional Director Boario in [the Final Decision]," and six categories of "[o]ther documents not produced by FWS."[22]  Included in the "other

---

[17] Docket 17; *see also* Docket 39 (Case No. 3:24-cv-00123-SLG) (Order Consolidating Cases).

[18] Docket 18; Docket 19.

[19] Docket 22 at 3; *see also* Docket 27-1 to 27-13 (FOIA Production).

[20] Docket 21 at 2-3.

[21] Docket 22.

[22] Docket 22 at 3-4, 8-10 (emphasis omitted); *see also* Docket 22-1 at 2-3.

Case No. 3:24-cv-00122-SLG, *Kronberger v. U.S. Fish & Wildlife Serv., et al.*
(Lead Case) (Consolidated)
Order on Motion to Strike and Motion for Judicial Notice
Page 5 of 13

Case 3:24-cv-00122-SLG    Document 60    Filed 07/24/25    Page 5 of 13

documents" that Mr. Rydeen argued should be added to the consolidated administrative record was a September 29, 2023, email from Kathey Virgin "wherein she writes: '(Brady) does not have to make a different decision, but he might have to explain more of his reasoning.'"[23]  Mr. Kronberger joined in the motion to supplement.[24]

Before the Court resolved Plaintiffs' motions to supplement the consolidated administrative record, on April 4, 2025, the parties filed a Joint Motion to Supplement the Administrative Record at Docket 31, which identified four documents that the parties agreed to add to the record: permit #KOD-24-70024 - Permit Term: 01/01/2024-12/31/2024, including the general and special conditions; Permit # KOD-24-70024 - Permit Term: 01/01/2024-12/31/2028; 1/29/24 email re guide Danny Wright's training; and an email thread re "addition to prospectus," including a map attachment.[25]  In the joint motion, Plaintiffs asked the Court to withdraw their motions to supplement the administrative record, which the Court granted.[26]

---

[23] Docket 22 at 9 (quoting Docket 22-3 at 4).

[24] Docket 24 at 8-10.

[25] Docket 31 at 2; *see also* Docket 31-2 to 31-7 (supplemental documents).

[26] Docket 31 at 2 ("The parties request the Court accept the supplemental administrative record as filed and withdraw the motions to supplement the administrative record a[t] Dkts. 22 and 24."); Docket 32.

Case No. 3:24-cv-00122-SLG, *Kronberger v. U.S. Fish & Wildlife Serv., et al.* (Lead Case) (Consolidated)
Order on Motion to Strike and Motion for Judicial Notice
Page 6 of 13

Case 3:24-cv-00122-SLG     Document 60     Filed 07/24/25     Page 6 of 13

On April 29, 2025, Plaintiffs filed their Opening Briefs.[27]  Mr. Rydeen's Opening Brief included five appendices.[28]  Mr. Kronberger's Opening Brief included three appendices.[29]  Specifically, Mr. Rydeen's Appendix 1 is a March 13, 2015 letter and statement of findings (this statement of findings is the same document as Mr. Kronberger's Appendix B) from FWS to Nathan Turner, informing him that FWS's grant of a special use permit to guide in area ARC-06 in the Arctic National Wildlife Refuge was appealed by an unsuccessful applicant and that, upon review on appeal, FWS was revoking Mr. Turner's permit.[30]  The letter notes that "the Regional Director must limit his review to the same information that the panel and the Refuge Manager had at hand during their analysis and not information provided later that strengthens an application."[31]  Appendix 2 is a purported internet post by Mr. Zweng describing that he "know[s] where the good camping and glassing spots are."[32]  Appendix 3 (the same document as Mr. Kronberger's Appendix A) is the September 29, 2023 email sent by Kathey Virgin to Mr. Brady and another FWS staff member, Debbie Steen, that Plaintiffs had

---

[27] Docket 34; Docket 36.

[28] Docket 34-1 to 34-5.

[29] Docket 36-1 to 36-3.

[30] Docket 34-1; Docket 36-2.

[31] Docket 34-1 at 2.

[32] Docket 34-2; Docket 34 at 22 n.12.

Case No. 3:24-cv-00122-SLG, *Kronberger v. U.S. Fish & Wildlife Serv., et al.*
(Lead Case) (Consolidated)
Order on Motion to Strike and Motion for Judicial Notice
Page 7 of 13

included in their withdrawn motions to supplement the administrative record.[33] Appendix 4 consists of Internal Revenue Service Schedule K-1 forms from 2021 and 2022 indicating that Mr. Rydeen has a 1% ownership interest in Freelance Outdoor Adventures.[34]   Appendix 5 (the same document as Mr. Kronberger's Appendix C) is an October 22, 2022 decision by Mr. Brady granting a big game guide permit for KOD-18 to Mr. Zweng.[35]

On May 29, 2025, Defendants moved to strike the appendices and all references to them in Plaintiffs' briefing because those documents were not in the administrative record.[36]   On June 5, 2025, this Court granted Defendants' motion to stay the Opposition Brief deadline; the Court ordered that Defendants' Opposition Brief would be due 14 days following the Court's resolution of Defendants' motion to strike.[37]   On June 10, 2025, Mr. Rydeen moved for the Court to take judicial notice of three of the five documents he had submitted as appendices with his Opening Brief—Appendices 1, 3 and 5.[38]

---

[33] Docket 34-3; Docket 36-1.

[34] Docket 34-4

[35] Dockets 34-5; Docket 36-3.

[36] Docket 40 at 2.

[37] Docket 48 at 2.

[38] Docket 50 at 2.

Case No. 3:24-cv-00122-SLG, *Kronberger v. U.S. Fish & Wildlife Serv., et al.*
(Lead Case) (Consolidated)
Order on Motion to Strike and Motion for Judicial Notice
Page 8 of 13

## LEGAL STANDARDS

### I.  Supplementation

District of Alaska Local Civil Rule 16.3(b)(2) provides that "[a] motion to supplement the agency record must be filed not later than 21 days after the agency record or certified list of its contents has been filed with the court."

### II.  Judicial Notice

Pursuant to Federal Rule of Evidence 201, "judicial notice of adjudicative facts is limited to facts that are 'not subject to reasonable dispute.'"[39] An adjudicative fact is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[40]  An adjudicative fact "is a fact 'concerning the immediate parties.'"[41] "When a court or an agency finds facts concerning the immediate parties—who did what, where, when, how, and with what motive or intent—the court or agency is performing an adjudicative function, and the facts are conveniently called adjudicative facts."[42]  "Extreme caution should be used in

---

[39] *Banks v. Schweiker*, 654 F.2d 637, 640 (9th Cir. 1981) (quoting Fed R. Evid. 201(b)).

[40] Fed. R. Evid. 201(b).

[41] *Banks*, 654 F.2d at 640 n.3 (quoting Fed. R. Evid. 201 advisory committee notes to 1972 proposed rules).

[42] Fed. R. Evid. 201 advisory committee notes to 1972 proposed rules (citation omitted).

Case No. 3:24-cv-00122-SLG, *Kronberger v. U.S. Fish & Wildlife Serv., et al.*
(Lead Case) (Consolidated)
Order on Motion to Strike and Motion for Judicial Notice
Page 9 of 13

Case 3:24-cv-00122-SLG    Document 60    Filed 07/24/25    Page 9 of 13

taking notice of adjudicative facts" because the "taking of evidence, subject to established safeguards, is the best way to resolve controversies involving disputes of adjudicative facts."[43] Further, in an administrative appeal, "a party cannot circumvent the rules governing record supplementation by asking for judicial notice rather than supplementation."[44]

## DISCUSSION

Defendants move to strike the appendices and all references to the appendices in Plaintiffs' Opening Briefs because "the parties agreed to withdraw their motions to supplement the administrative record in exchange for the Government including additional documents in the administrative record" and "[d]espite this agreement, plaintiffs included documents styled as 'Appendixes' in their opening briefs."[45] Defendants also contend that Plaintiffs have not moved to supplement the administrative record and that any attempt to do so at this point would be untimely pursuant to District of Alaska Local Rule 16.3(b)(2).[46] Plaintiffs disagree that the appendices should be stricken, contending that the Court may

---

[43] *Banks*, 654 F.2d at 640.

[44] *All. for the Wild Rockies v. Marten*, Case No. CV 16-35-M-DWM, 2016 WL 7174671, at *3 (D. Mont. Oct. 3, 2016) (citation and internal quotation marks omitted).

[45] Docket 40 at 2-3.

[46] Docket 54 at 2-3; D. Alaska L.Civ.R. 16.3(b)(2) ("A motion to supplement the agency record must be filed not later than 21 days after the agency record or certified list of its contents has been filed with the court.").

Case No. 3:24-cv-00122-SLG, *Kronberger v. U.S. Fish & Wildlife Serv., et al.*
(Lead Case) (Consolidated)
Order on Motion to Strike and Motion for Judicial Notice
Page 10 of 13

Case 3:24-cv-00122-SLG    Document 60    Filed 07/24/25    Page 10 of 13

consider the extra-record evidence presented and should take judicial notice of three appendices—Mr. Rydeen's Appendices 1, 3, and 5 (the same documents as Mr. Kronberger's Appendices A, B, and C).[47]

The Court agrees with Defendants that Plaintiffs' attempt to supplement the administrative record with extra-record documents is untimely. Defendants filed the consolidated administrative record in this case on December 3, 2024.[48] Thereafter, Plaintiffs timely filed their supplemental motions to supplement the administrative record.[49] But then the parties resolved the supplementation issue and Plaintiffs withdrew their motions to supplement. As such, Plaintiffs' subsequent attempt to supplement the record by simply attaching items to their merits briefing is improper and untimely.

Further, Plaintiffs "cannot circumvent the rules governing record supplementation by asking for judicial notice rather than supplementation."[50] And, in any event, the documents that Plaintiffs seek judicial notice of are not adjudicative facts not subject to reasonable dispute that "concern[] the immediate parties."[51] Appendices 1 and 5 and Appendices B and C involve FWS decisions

---

[47] Docket 51 at 5; Docket 50 at 2.

[48] Docket 18; Docket 19.

[49] Docket 22; Docket 24.

[50] *All. for the Wild Rockies*, 2016 WL 7174671, at *3 (citation omitted).

[51] *Banks*, 654 F.2d at 640 n.3 (citation omitted).

Case No. 3:24-cv-00122-SLG, *Kronberger v. U.S. Fish & Wildlife Serv., et al.*
(Lead Case) (Consolidated)
Order on Motion to Strike and Motion for Judicial Notice
Page 11 of 13

as to a third-party, Mr. Turner, and for a different guide use area for Mr. Zweng. The emails in Appendix 3 and Appendix A, while directly related to the permit at issue in this case, do not establish beyond reasonable dispute "who did what, where, when, how, and with what motive or intent."[52]  In the September 29, 2023 email, when read in its entirety, Ms. Virgin provides guidance to Mr. Brady and Ms. Steen regarding an apparent inquiry by Mr. Zweng as to the risk to his guide permit as a result of the appeal filed by Plaintiffs.  Defendants dispute Plaintiffs' assertion that a statement in the email—specifically, that Mr. Brady "does not have to make a different decision, but he might have to explain more of his reasoning"—shows bad faith on FWS's part.[53]  In Defendants' view, the email merely "correctly describes the process at play and thus, is not evidence of bad faith by the agency."[54]  Regardless, because Plaintiffs' motions to supplement the record with the Virgin email were withdrawn after Plaintiffs reached an agreement to supplement with Defendants that did not include the email in the administrative record, the Court declines to take judicial notice of Appendix 3 and Appendix A.

## CONCLUSION

In light of the foregoing, the Court GRANTS Defendants' Motion to Strike Plaintiffs' Opening Brief in Part at Docket 40 and DENIES John Rydeen's Motion

---

[52] Fed. R. Evid. 201 advisory committee notes to 1972 proposed rules (citation omitted).

[53] Docket 54 at 5.

[54] Docket 54 at 5 (citing 50 C.F.R. § 36.41(i)(4)).

Case No. 3:24-cv-00122-SLG, *Kronberger v. U.S. Fish & Wildlife Serv., et al.*
(Lead Case) (Consolidated)
Order on Motion to Strike and Motion for Judicial Notice
Page 12 of 13

Case 3:24-cv-00122-SLG     Document 60     Filed 07/24/25     Page 12 of 13

for Judicial Notice at Docket 50. Appendices 1-5 and A-C of Plaintiffs' Opening Briefs are STRICKEN. Within **7 days of the date of this order**, each Plaintiff shall file a revised Opening Brief without the appendices and without any reference to the appendices. Defendants' Opposition Brief is due **within 14 days thereafter**.[55]

DATED this 24th day of July, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[55] *Cf.* Docket 48. The Court runs the 14 days from the date on which Plaintiffs file the revised briefing.

Case No. 3:24-cv-00122-SLG, *Kronberger v. U.S. Fish & Wildlife Serv., et al.*
(Lead Case) (Consolidated)
Order on Motion to Strike and Motion for Judicial Notice
Page 13 of 13