IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LANCE KRONBERGER,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. FISH AND WILDLIFE SERVICE, *et al.*,<br><br>    Defendants. | Case No. 3:24-cv-00122-SLG<br><br>LEAD CASE |
| JOHN RYDEEN,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. FISH AND WILDLIFE SERVICE, *et al.*,<br><br>    Defendants. | Case No. 3:24-cv-00123-SLG<br><br>CONSOLIDATED |

**ORDER ON JOINT MOTION FOR RECONSIDERATION**

    Before the Court is Plaintiffs' Joint Motion for Reconsideration at Docket 61. By prior order, the Court granted Federal Defendants' Motion to Strike appendices that Plaintiffs had filed with their Opening Briefs.[1] Relevant here, Plaintiffs sought to append to their Opening Briefs (as Mr. Rydeen's Appendix 1 and Mr. Kronberger's Appendix B) a March 13, 2015 letter and statement of findings from Defendant U.S. Fish and Wildlife Service ("FWS") to Nathan Turner, informing him

---

[1] Docket 60 at 12-13.

that FWS's grant of a special use permit to guide in area ARC-06 in the Arctic National Wildlife Refuge had been appealed by an unsuccessful applicant and that, upon review on appeal, FWS was revoking Mr. Turner's permit.[2] The letter notes that "the Regional Director must limit his review to the same information that the panel and the Refuge Manager had at hand during their analysis and not information provided later that strengthens an application."[3] The Court ordered that the letter on the ARC-06 decision and all references to it be stricken from Plaintiffs' Opening Briefs because Plaintiffs' attempt to supplement the administrative record was untimely and it was improper to take judicial notice of the 2015 ARC-06 decision.[4]

Under Local Rule 7.3(h), "a court ordinarily will deny a motion for reconsideration absent a showing of . . . (A) manifest error of the law or fact; (B) discovery of new material facts not previously available; or (C) intervening change in the law."[5] Plaintiffs maintain that, in striking the 2015 ARC-06 letter of decision, the Court committed a "manifest error of the law or fact."[6] Plaintiffs do not challenge the Court's determinations that supplementing the administrative record

---

[2] Docket 34-1; Docket 36-2.

[3] Docket 34-1 at 2.

[4] Docket 60 at 11-12.

[5] D. Alaska L.Civ.R. 7.3(h)(1).

[6] Docket 61 at 2.

Case No. 3:24-cv-00122-SLG, *Kronberger v. U.S. Fish & Wildlife Serv., et al.*
(Lead Case) (Consolidated)
Order on Joint Motion for Reconsideration
Page 2 of 4

Case 3:24-cv-00122-SLG    Document 64    Filed 07/29/25    Page 2 of 4

would be untimely and that the 2015 ARC-06 letter is not proper for judicial notice because it is not a fact concerning the immediate parties. Rather, Plaintiffs contend that striking the 2015 ARC-06 letter is a manifest error because the letter "sets forth" FWS "precedent and prior interpretation of 50 CFR 36.41 and prospectus language" and, without the letter, Plaintiffs are unable to show that FWS departed from that prior precedent here.[7]

Plaintiffs also maintain that they were "not seeking to supplement the administrative record" with the letter.[8] "Rather, Plaintiffs were providing the Court with a copy of the 2015 ARC-06 Decision as prior FWS precedent simply because there was no other way for the court to locate it," which, in Plaintiffs' view, is "similar to the procedure when citing an unpublished judicial opinion or disposition that is not available in a publicly accessible electronic database."[9]

The Court denies Plaintiffs' motion for reconsideration. While Plaintiffs are correct that generally an agency must explain a change in policy, it is not clear that excerpts from the 2015 ARC-06 decision constitute an agency policy nor is the 2015 ARC-06 decision precedential in this case, as it concerned a different use area, a different guide, and a different appeal.[10]

---

[7] Docket 61 at 2-3.

[8] Docket 61 at 4.

[9] Docket 61 at 4-5 (citing Fed. R. App. P. 32.1).

[10] *See* Docket 54 at 3-4 (explaining how 2015 ARC-06 letter of decision is irrelevant to this case).

Case No. 3:24-cv-00122-SLG, *Kronberger v. U.S. Fish & Wildlife Serv., et al.*
(Lead Case) (Consolidated)
Order on Joint Motion for Reconsideration
Page 3 of 4
Case 3:24-cv-00122-SLG    Document 64    Filed 07/29/25    Page 3 of 4

Therefore, Plaintiffs' Joint Motion for Reconsideration at Docket 61 is DENIED.

DATED this 29th day of July, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00122-SLG, *Kronberger v. U.S. Fish & Wildlife Serv., et al.*
(Lead Case) (Consolidated)
Order on Joint Motion for Reconsideration
Page 4 of 4
Case 3:24-cv-00122-SLG   Document 64   Filed 07/29/25   Page 4 of 4