IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LANCE KRONBERGER,<br><br>   Plaintiff,<br><br>   v.<br><br>U.S. FISH AND WILDLIFE SERVICE, *et al.*,<br><br>   Defendants. | Case No. 3:24-cv-00122-SLG<br><br>LEAD CASE |
| JOHN RYDEEN,<br><br>   Plaintiff,<br><br>   v.<br><br>U.S. FISH AND WILDLIFE SERVICE, *et al.*,<br><br>   Defendants. | Case No. 3:24-cv-00123-SLG<br><br>CONSOLIDATED |

## ORDER ON MOTION TO STRIKE

Before at Docket 80 is U.S. Fish and Wildlife Service ("FWS") and U.S. Department of the Interior's ("DOI") (collectively, "Defendants") Motion to Strike Plaintiffs' Reply in Part. Plaintiffs John Rydeen and Lance Kronberger filed a Joint Memorandum in Opposition to Defendants' Motion to Strike at Docket 81, to which Defendants replied at Docket 82. Oral argument was not requested on the motion and was not necessary to the Court's determination.

## DISCUSSION

The Court assumes the reader's familiarity with its prior orders concerning the administrative record in this matter.[1] The underlying dispute concerns how Michael Zweng, the guide selected by the FWS to guide commercial big game hunting within the Kodiak National Wildlife Refuge ("KNWR"), planned his airplane landings into the KOD-25 guide use area. According to Mr. Kronberger, "[u]nder his original plan, Zweng landed only on saltwater, whereas under his amendment, Zweng proposed flying over and landing *on the refuge*."[2] Because the FWS favored airplane landings on the ocean adjacent to the KNWR, rather than aircraft landings on lakes within the KNWR, Mr. Kronberger asserts that "FWS gave [Mr. Zweng] perfect scores for his original plan" "while it penalized [Mr. Kronberger] and [Mr. Rydeen] for their plans to land floatplanes on refuge lakes."[3] But then, according to Mr. Kronberger, FWS improperly allowed Mr. Zweng to amend his application to also land on refuge lakes, but did not consider the effect of that amendment in its scoring and analysis.[4]

---

[1] *See* Docket 79 at 1-3. The Administrative Record spans the following Docket entries: Docket 18-1 to Docket 18-19; Docket 19-1 to Docket 19-40; and Docket 31-1 to Docket 31-6. *See generally* Docket 60.

[2] Docket 76 at 27 (emphasis in original). Mr. Rydeen's argument is substantially similar to Mr. Kronberger's.

[3] Docket 76 at 27.

[4] Docket 76 at 27.

Case No. 3:24-cv-00122-SLG, *Kronberger v. U.S. Fish & Wildlife Serv., et al.*
(Lead Case) (Consolidated)
Order on Motion to Strike
Page 2 of 4
Case 3:24-cv-00122-SLG   Document 83   Filed 02/17/26   Page 2 of 4

In each of their replies, Plaintiffs include a link to a YouTube video from the Spring of 2025 that purports to show Mr. Zweng and his hunter land on a lake inside the refuge on a day where there was no inclement weather making such a landing necessary.[5] Plaintiffs state they offer this evidence as relevant to their requested remedy of a remand.

Defendants request that the Court strike the references to the YouTube video in both of the reply briefs at Docket 76 and Docket 78, and that the Court order Plaintiffs to file amended reply briefs.[6] Defendants describe the inclusion of the YouTube video as "a thinly veiled attempt to present evidence to this Court that Zweng has violated the conditions of his permit—without input from the U.S. Fish and Wildlife Service"; they further assert that the video is not relevant to whether FWS acted arbitrarily and capriciously when awarding the permit; and they maintain that any attempt to supplement the record would be untimely.[7]

Plaintiffs indicate that they are not asking the Court "to consider the video in determining whether or not FWS's decision at issue is arbitrary and capricious."[8] They add they "are not seeking to supplement the administrative record with the

---

[5] Docket 76 at 27 n.40; Docket 78 at 26 n.26.

[6] Docket 80 at 2; Docket 80-1 at 1; Docket 82 at 2.

[7] Docket 80 at 2-3; *see* District of Alaska Local Civil Rule 16.3(b)(2) ("A motion to supplement the agency record must be filed not later than 21 days after the agency record or certified list of its contents has been filed with the court.").

[8] Docket 81 at 2.

Case No. 3:24-cv-00122-SLG, *Kronberger v. U.S. Fish & Wildlife Serv., et al.*
(Lead Case) (Consolidated)
Order on Motion to Strike
Page 3 of 4
Case 3:24-cv-00122-SLG   Document 83   Filed 02/17/26   Page 3 of 4

video."[9]  Based on the foregoing, the Court will strike the references to the YouTube video in Plaintiffs' merits briefing.  However, if the Court does decide that FWS's decision should be vacated and remanded, a topic on which this Court expresses no opinion in this order, the Court will permit each party to file supplemental briefing on the scope of the remand and Plaintiffs may seek to supplement the record with this evidence at that time.

## CONCLUSION

In light of the foregoing, Defendants' Motion to Strike Plaintiffs' Reply Briefs in Part at Docket 80 is **GRANTED** as follows: Rather than require each Plaintiff to file revised reply briefs, the Court will instead not consider Mr. Kronberger's references to the YouTube video in his reply brief (Docket 76 at 27) and Mr. Rydeen's references to the YouTube video in his reply brief (Docket 78 at 26-27) in its forthcoming decision on the merits; further, in the event that the Court finds a remand is warranted, it will first accord all parties an opportunity to file supplemental briefing with regard to the scope of the remand.

DATED this 17th day of February, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[9] Docket 81 at 2.

Case No. 3:24-cv-00122-SLG, *Kronberger v. U.S. Fish & Wildlife Serv., et al.*
(Lead Case) (Consolidated)
Order on Motion to Strike
Page 4 of 4
Case 3:24-cv-00122-SLG    Document 83    Filed 02/17/26    Page 4 of 4