**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| LANCE KRONBERGER,<br><br>      Plaintiff,<br><br>      v.<br><br>U.S. FISH AND WILDLIFE<br>SERVICE, *et al.*,<br><br>      Defendants. | Case No. 3:24-cv-00122-SLG<br><br>LEAD CASE |
| JOHN RYDEEN,<br><br>      Plaintiff,<br><br>      v.<br><br>U.S. FISH AND WILDLIFE<br>SERVICE, *et al.*,<br><br>      Defendants. | Case No. 3:24-cv-00123-SLG<br><br>CONSOLIDATED |

## ORDER ON REMEDY

Before the Court at Docket 88 is Plaintiff Lance Kronberger's Supplemental Brief on Remedy and at Docket 89 is Plaintiff John Rydeen's Supplemental Brief on Remedy. Defendants U.S. Fish and Wildlife Service ("FWS") and U.S. Department of the Interior ("DOI") filed their Supplemental Brief at Docket 90.[1] Oral

---

[1] On November 25, 2024, the Court consolidated the two cases. Docket 17.  Many of the

argument was not requested and was not necessary for the Court's determination. The Court presumes the reader's familiarity with the Court's prior Decision and Order and the underlying facts in these consolidated cases.

## BACKGROUND

On October 22, 2022, Kodiak National Wildlife Refuge ("KNWR") Manager Michael Brady awarded the big game guide permit for KOD-25 to Michael Zweng.[2] In September 2023, Manager Brady issued a conditional one year permit and a five-year special use permit to Mr. Zweng, valid from January 1, 2024, to December 31, 2028.[3] On March 20, 2024, FWS Alaska Regional Director Sara Boario denied Mr. Kronberger's appeal of Manager Brady's decision.[4] On April 12, 2024, Director Boario similarly denied Mr. Rydeen's appeal and upheld Manager Brady's decision.[5]

This Court's March 31, 2026 Decision and Order found that while Mr. Zweng's proposal did not require disqualification,[6] Director Boario's March 20, 2024 and April 12, 2024 Final Decisions (the "Final Decisions") contained

---

arguments set forth by each Plaintiff are substantially similar. For these substantially similar arguments, the Court refers to Mr. Rydeen and Mr. Kronberger collectively as "Plaintiffs."

[2] Docket 18-9 at 3-4 (AR 001261-62).

[3] Docket 31-3 at 1-8 (AR 002020-27); Docket 31-4 at 1-2 (AR 002028-29).

[4] Docket 18-20 at 6-17 (AR 001982-93).

[5] Docket 18-20 at 35 (AR 002011).

[6] Docket 84 at 18-19.

Case No. 3:24-cv-00122-SLG, *Kronberger v. U.S. Fish & Wildlife Serv., et al.*
(Lead Case) (Consolidated)
Order on Remedy
Page 2 of 12

Case 3:24-cv-00122-SLG    Document 92    Filed 06/30/26    Page 2 of 12

determinations that were arbitrary and capricious in violation of the Administrative Procedure Act ("APA") and failed to abide by the criteria set forth in the Prospectus.[7] That order identified at least five instances where FWS's determination was arbitrary and capricious.[8] The order also identified at least 11 instances where FWS "failed to articulate a satisfactory explanation for its action, including a 'rational connection between the facts found and the choice made.'"[9] The order directed that "[o]n remand, FWS should follow the Refuge Manager Guidelines' 'Creating a Decision Document' instructions or explain why a deviation from those guidelines is warranted."[10] The Court permitted the parties to file supplemental briefs addressing the appropriate remedy.[11]

## LEGAL STANDARD

"Where a court holds an agency action unlawful, vacatur and remand is the default remedy under the APA, but the court retains equitable discretion in 'limited circumstances' to remand a decision without vacatur while the agency corrects its errors."[12] "Whether agency action should be vacated depends on how serious the

---

[7] Docket 84 at 88.

[8] Docket 84 at 19-39.

[9] Docket 84 at 46-87; *see also Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S 29, 43 (1983).

[10] Docket 84 at 52-53.

[11] Docket 84 at 88.

[12] *Mont. Wildlife Fed'n v. Haaland*, 127 F.4th 1, 50 (9th Cir. 2025) (quoting *Pollinator Stewardship Council v. EPA*, 806 F.3d 520, 532 (9th Cir. 2015)); *see also* 5 U.S.C. § 706(2)(A)

Case No. 3:24-cv-00122-SLG, *Kronberger v. U.S. Fish & Wildlife Serv., et al.*
(Lead Case) (Consolidated)
Order on Remedy
Page 3 of 12

Case 3:24-cv-00122-SLG    Document 92    Filed 06/30/26    Page 3 of 12

agency's errors are 'and the disruptive consequences of an interim change that may itself be changed.'"[13]

## DISCUSSION

### I. Vacatur and Scope of Remand

In their April 2026 filings, Mr. Kronberger and Mr. Rydeen both request that Director Boario's Final Decisions be vacated effective May 16, 2026, the day after the end of the spring 2026 hunting season.[14] Both assert that vacatur effective May 16, 2026 would not result in any disruptive consequences and would not prejudice Mr. Zweng because: (1) Mr. Zweng will have completed the spring 2026 hunting season by May 15, 2026; (2) Mr. Kronberger and Mr. Rydeen both stated that Mr. Zweng did not have any hunters for the fall 2026 hunting season as of the date of their filings on April 27, 2026; and (3) FWS would have sufficient time to issue a new decision in time for the 2027 season.[15] Both Plaintiffs request that FWS be directed to issue its final decision no later than September 1, 2026, and

---

(directing reviewing courts to "set aside" unlawful agency action).

[13] *Cal. Cmtys. Against Toxics v. EPA*, 688 F.3d 989, 992 (9th Cir. 2012) (quoting *Allied-Signal, Inc. v. U.S. Nuclear Regul. Comm'n*, 988 F.2d 146, 150-51 (D.C. Cir. 1993)).

[14] Docket 88 at 2-4; Docket 89 at 2-5.

[15] Docket 88 at 4-5 (first citing Docket 88-1 at 1 (April 10, 2026 State of Alaska, Department of Fish and Game letter); and then citing Docket 18-7 at 69 (AR 000185) (map of KOD-25)); Docket 89 at 4-5.

Case No. 3:24-cv-00122-SLG, *Kronberger v. U.S. Fish & Wildlife Serv., et al.*
(Lead Case) (Consolidated)
Order on Remedy
Page 4 of 12

Case 3:24-cv-00122-SLG    Document 92    Filed 06/30/26    Page 4 of 12

that the Court retain jurisdiction so that it may review FWS's new decision if requested.[16]

Mr. Kronberger further asks the Court to order FWS to make specific adjustments to the scores of the three contested applications, to disregard Mr. Zweng's experience guiding in KOD-25 following the date of his proposal, but to consider Mr. Zweng's amendment to his application in March 2024.[17] He further asks the Court to order that the matter should be remanded to Director Boario for the selection decision, so long as Director Boario is given the specific scoring directives he proposes.[18] If the Court declines to impose such directives, Mr. Kronberger asks that the Court order that the FWS Director make the final decision on remand.[19]

Mr. Rydeen similarly asks this Court to order that the decision on remand "require approval of the Director of FWS, or his designee, before it is considered final."[20] Further, Mr. Rydeen requests that the Court limit the remand to FWS

---

[16] Docket 88 at 10-11; Docket 89 at 5-7.

[17] Docket 88 at 8-9.

[18] Docket 88 at 5-6.

[19] Docket 88 at 5-6.

[20] Docket 89 at 8.

Case No. 3:24-cv-00122-SLG, *Kronberger v. U.S. Fish & Wildlife Serv., et al.*
(Lead Case) (Consolidated)
Order on Remedy
Page 5 of 12

Case 3:24-cv-00122-SLG    Document 92    Filed 06/30/26    Page 5 of 12

correcting the errors the Court identified in its Decision and Order of March 31, 2026.[21]

Defendants' position is similar to both Mr. Kronberger and Mr. Rydeen's respective positions:  "Given the number of issues cited by this Court," "FWS concedes that vacatur with remand is the appropriate remedy."[22]  Defendants also agree to issue a new final decision by September 1, 2026, so long as the scope of remand is narrow.[23]  Under this approach, Defendants propose to produce new panel scores for the three applicants in accordance with the Court's Decision and Order and then issue a new selection decision by the Refuge Manager by September 1, 2026.[24]

The Court agrees with all the parties that given the nature and extent of the agency's errors in its selection decision, vacatur of the Final Decisions is warranted.  Further, the Court agrees with the parties that on remand, FWS should rescore the existing three proposals consistent with this Court's Decision and Order and issue a new selection decision by September 1, 2026.

## II.    Scoring

---

[21] Docket 89 at 9-10.

[22] Docket 90 at 3.  In their supplemental brief, Defendants assert that "immediate rescission of the current KOD-25 permit would result in disruptive consequences for members of the public due to various timing issues and regulatory requirements." Docket 90 at 3.

[23] Docket 90 at 3.

[24] Docket 90 at 3.

Mr. Kronberger and Mr. Rydeen both request that the Court order FWS to make specific scoring determinations on remand.[25]  Mr. Kronberger contends that FWS must increase his score by 27 points and must reduce Mr. Zweng's score by at least 30 points.[26]  Mr. Rydeen contends that the experience portion of his score must be increased.[27]  He further maintains that "'in light of the mobile spike camp issue' and its impact on Forms A, B, and D," Mr. Zweng's safety plan should receive a score of zero, and that Mr. Zweng's demonstrated knowledge special resource value score should be lowered.[28]

The Court declines to issue such scoring directives on remand.  These administrative appeals were brought under 5 U.S.C. § 706(2).  A court's review of an agency's findings under § 706(2) is narrow: "a court is not to substitute its judgment for that of the agency," and such deference is especially appropriate where "the challenged decision implicates substantial agency expertise."[29]  The

---

[25] Docket 88 at 5, 9 ("FWS must correct and account for its previous errors." (citing Docket 84 at 26, 28, 30, 33, 39, 52, 55, 64, 66, 68, 69, 72, 73, 79-80, 82-85, and 86)); Docket 89 at 9-10 ("FWS should be directed to correct the scores of the applicants as discussed in the Decision and Order." (citing Docket 84 at 26, 28-29, 30, 35, 65, 66-69, and 84)).

[26] Docket 88 at 5-6.

[27] Docket 89 at 9-10.

[28] Docket 89 at 9-10 & nn.17-19 (citations omitted).

[29] *State Farm,* 463 U.S. at 43; *Ninilchik Traditional Council v. United States*, 227 F.3d 1186, 1194 (9th Cir. 2000).

Case No. 3:24-cv-00122-SLG, *Kronberger v. U.S. Fish & Wildlife Serv., et al.*
(Lead Case) (Consolidated)
Order on Remedy
Page 7 of 12
Case 3:24-cv-00122-SLG     Document 92     Filed 06/30/26     Page 7 of 12

new scoring panelists, relying on the directives in this order and the Decision and Order of March 31, 2026, must re-score the three proposals anew.

Further, Mr. Kronberger and Mr. Rydeen both appear to mischaracterize this Court's order concerning Mr. Zweng's spike camps and safety scores. Both assert that Mr. Zweng's spike camp and safety plan scores either should or must be zero points.[30] But the Court did not find that FWS must award Mr. Zweng scores of zero on these sub-criteria.[31] Concerning the non-specific spike camps, the Decision and Order states: "The Court finds that according full points to an applicant for his proposed spike camps when their location is indeterminate 'is so implausible that it cannot be ascribed to a difference in view or the product of agency expertise.'"[32] Although the Court identified deficiencies and found that the perfect score accorded was arbitrary and capricious, that does not mean that the scoring of this sub-criterion for Mr. Zweng must be reduced to zero. Similarly, Mr. Kronberger and Mr. Rydeen's all-or-nothing interpretation of the scoring of the safety plan is not in accordance with this Court's Decision and Order; nor does it abide by the Prospectus's instructions. The Court stated: "But the Court finds that FWS did not

---

[30] Docket 88 at 6 n.13; Docket 89 at 9 nn.17-18.

[31] Rather, the order and decision directed the parties to the AKP-01 permit decision of Susan Alexander, the Refuge Manager for the Alaska Peninsula National Wildlife Refuge, describing it as "instructive." Docket 84 at 26 (first citing Docket 18-15 at 9-10 (AR 001603-04); and then citing Docket 18-15 at 43-50 (AR 001637-44)).

[32] Docket 84 at 26 (quoting *Ctr. for Biological Diversity v. Zinke*, 900 F.3d 1053, 1067 (9th Cir. 2018)).

Case No. 3:24-cv-00122-SLG, *Kronberger v. U.S. Fish & Wildlife Serv., et al.*
(Lead Case) (Consolidated)
Order on Remedy
Page 8 of 12
Case 3:24-cv-00122-SLG    Document 92    Filed 06/30/26    Page 8 of 12

and could not adequately evaluate the safety of Mr. Zweng's spike camps when he did not identify the exact locations of those camps."[33]  However, applicants can receive up to 25 points based on their comprehensive safety plan, which includes not only safety measures relating to spike camps but also site communications and emergency planning.[34]

### III. Decisionmaker

Mr. Kronberger states that Director Boario may make FWS's new decision, but only if FWS is given the specific scoring directives requested by Mr. Kronberger.[35]  In the alternative, Mr. Kronberger requests that the matter "be remanded to FWS Director Brian Nesvik to either make a new decision himself or determine the FWS officer best suited to make a new decision."[36]  Mr. Rydeen

---

[33] Docket 84 at 28.

[34] *See* Docket 84 at 27 (citing Docket 18-8 at 15 (AR 001199)). Proposed safety plans that adhere to the following standard receive from 15 up to the maximum 25 points:

> An effective, specific and comprehensive safety plan which thoroughly addresses both avoidance and reaction to accidents, and is appropriate or specific to the type of operations and field conditions in the area including a highly reliable and effective communication plan. Communication equipment and capabilities are available in the field at all times, visitors or guests are familiar with communication use and procedures and equipment and planning are appropriate to the type of operation and field conditions. Good backup capabilities and contingencies are provided for[.]

Docket 18-8 at 15 (AR 001199).

[35] Docket 88 at 6 ("While Mr. Kronberger previously suggested that Director Boario should be recused from making FWS's new decision, if FWS is given the direction requested herein, Director Boario can be expected to follow the Court's order.").

[36] Docket 88 at 6.

Case No. 3:24-cv-00122-SLG, *Kronberger v. U.S. Fish & Wildlife Serv., et al.*
(Lead Case) (Consolidated)
Order on Remedy
Page 9 of 12
Case 3:24-cv-00122-SLG    Document 92    Filed 06/30/26    Page 9 of 12

requests that FWS should not be permitted to task the Refuge Manager with the decision-making on remand[37] and also that the Court order "that FWS's new decision require approval of the Director of FWS."[38]

Defendants propose that the KNWR Refuge Manager make the selection decision subject to an administrative appeal to Director Boario pursuant to 50 C.F.R. § 36.41(i).[39] Defendants do not address Mr. Rydeen's assertion that there is allegedly "no current Refuge Manager for Kodiak."[40]

Mr. Kronberger highlights that "the KOD-25 website shows Danielle Fujii-Doe as the refuge manager (or acting refuge manager)."[41] A court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[42] Accordingly, the Court will take judicial notice of the FWS's KNWR

---

[37] Docket 89 at 7.

[38] Docket 89 at 8 (citing U.S. Fish & Wildlife Serv., *Organizational Management of FWS*, https://www.fws.gov/policy-library/020fw1 (last visited June 29, 2026)).

[39] Docket 90 at 3 n.1.

[40] *See* Docket 89 at 7.

[41] Docket 88 at 7 n.14 (citing U.S. Fish & Wildlife Serv., *Kodiak National Wildlife Refuge*, https://www.fws.gov/refuge/kodiak/contact-us (last visited June 29, 2026)).

[42] Fed. R. Evid. 201.

Case No. 3:24-cv-00122-SLG, *Kronberger v. U.S. Fish & Wildlife Serv., et al.*
(Lead Case) (Consolidated)
Order on Remedy
Page 10 of 12
Case 3:24-cv-00122-SLG    Document 92    Filed 06/30/26    Page 10 of 12

website (https://www.fws.gov/refuge/kodiak/contact-us), cited in Mr. Kronberger's remedy brief, which identifies Danielle Fujii-Doe as the KNWR Refuge Manager.

The Court finds that a deviation from the standard agency selection process is not warranted on remand, except to the extent that FWS may have had different sets of panels review the three proposals, FWS shall have the same three panelists review all three of the proposals on remand. After the panelists have rescored the three proposals, KNWR Refuge Manager Danielle Fujii-Doe will make the selection decision. If there is no Refuge Manager for KNWR at this time, then the selection decision shall be made by Director Boario.

## CONCLUSION

Upon due consideration of the parties' positions, IT IS ORDERED as follows:

1. Director Boario's March 20, 2024 and April 12, 2024 Final Decisions are both **VACATED**, effective on this date. While the Court recognizes this may preclude guided big game hunting trips this fall in KOD-25, the extent of the agency's errors warrants immediate vacatur;

2. The scope of the remand is limited to producing new panel scores concerning the existing three proposals and then issuing a new Refuge Manager selection decision, subject to the administrative appeal provisions of 50 C.F.R. § 36.41(i);

3. The scoring panelists shall analyze only the original applications of Mr. Rydeen, Mr. Kronberger, and Mr. Zweng to address and correct each of the

Case No. 3:24-cv-00122-SLG, *Kronberger v. U.S. Fish & Wildlife Serv., et al.*
(Lead Case) (Consolidated)
Order on Remedy
Page 11 of 12
Case 3:24-cv-00122-SLG    Document 92    Filed 06/30/26    Page 11 of 12

scoring errors identified by this Court in its Decision and Order of March 31, 2026. The scoring panelists must disregard each applicant's experience guiding in KOD-25 or elsewhere after the date of their original applications. However, the scoring panelists must consider the amendment to Mr. Zweng's application in March 2024. The same three panelists shall evaluate the three applications;

4. The Refuge Manager must make a selection decision in accordance with this Court's Decision and Order of March 31, 2026. The Court will retain jurisdiction during the remand. The Refuge Manager shall issue a decision by **September 1, 2026**;

5. Any new permit that is issued should be for the remainder of the existing 5-year term—i.e. through December 2028—and may be renewed pursuant to 50 C.F.R. § 36.41(e)(10); and

6. The parties shall file a status report regarding the remand by **September 8, 2026**.

DATED this 30th day of June 2026, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00122-SLG, *Kronberger v. U.S. Fish & Wildlife Serv., et al.*
(Lead Case) (Consolidated)
Order on Remedy
Page 12 of 12
Case 3:24-cv-00122-SLG    Document 92    Filed 06/30/26    Page 12 of 12